CHARLES G. KNIGHT vs. ALBION H. BURNHAM.

Oxford.   Opinion May 27, 1897.

*Sales. Lumber. Surveyor. R. S., c. 41, § 15. Stat. 1895, c. 59.*

On a sale of boards by the thousand, the statute requires a survey by a legally appointed and sworn surveyor. Without such survey, the seller cannot recover the purchase price. The owner and seller of the lumber, although a legal surveyor, is not authorized to survey his own lumber, sold by him, in the absence of an express agreement. It must be done by a disinterested surveyor.

*Held;* in this case, that no survey of the lumber sued for was made by any one except the owner. This does not meet the requirements of the statute.

ON MOTION AND EXCEPTIONS BY DEFENDANT.

The case appears in the opinion.

*J. P. Swasey,* and *C. E. Holt,* for plaintiff.

The statute does not preclude the owner of lumber, who is otherwise qualified, from surveying his own lumber, as is the case under the statute of Massachusetts. *Whitman* v. *Freese,* 23 Maine, 185. If the defendant would avoid his contract, the burden of proof is upon him to establish the fact that there was no legal survey. The only evidence presented by the case is the survey made by the plaintiff which stands unquestioned and undisputed, and having been submitted to the jury, upon the question of legal survey, we submit that the verdict is conclusive.

*A. H.* and *C. E. Walker,* for defendant.

Counsel cited: *Durgin* v. *Dyer,* 68 Maine, 143; *Richmond* v. *Foss,* 77 Maine, 590; *Beaman* v. *Whitney,* 20 Maine, 413; *Sebor* v. *Armstrong,* 4 Mass. 206; 23 Am. & Eng. Ency. of Law, p. 311, 315 and note.

SITTING:   PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, SAVAGE, JJ.

STROUT, J.   Plaintiff claims to recover the price of boards sold by him to defendant by the thousand feet. Defense that the boards were not surveyed by a sworn surveyor, before delivery as

required by R. S., c. 41, § 15. If not so surveyed no recovery can be had. *Richmond* v. *Foss*, 77 Maine, 590. Plaintiff replies that he surveyed the boards, and that he was a legal surveyor of lumber.

If he was a legally qualified surveyor of lumber, did a survey by him meet the requirements of the statute? The presiding justice instructed the jury that if they became satisfied from the evidence that the plaintiff "was a qualified sworn surveyor of lumber for the town of Waterford at the time when this lumber was sold, and had measured it in accordance with the terms of the statute before delivery, then I instruct you notwithstanding he may have been the party selling the lumber, that fact of itself would not be sufficient to prevent his recovery upon that ground." . . . "If Mr. Knight, although he is the party plaintiff, the party who made delivery of the lumber as his own, was a qualified sworn surveyor, and had surveyed the lumber . . . . the mere fact that he was a party, the party who sold the lumber, would not destroy his official capacity so as to prevent his recovery, if he is entitled to recover in other respects."

Exception is taken to this instruction. The statute requires surveyors of lumber "to measure the same, and mark the contents thereof, making reasonable allowance for rots, knots and splits, drying and shrinking." R. S., c. 41, § 15. These provisions are for the protection of the purchaser. To discharge such duty, honest, unbiased judgment is imperative. Disinterestedness is essential to that. The law does not allow a man to be judge in his own case. The infirmities of human nature are such, that a party whose interest is involved can seldom judge or act indifferently. If honest, he is liable to be unconsciously warped, and if dishonest his opportunities for gain are largely increased. The statute contemplates a survey by a disinterested party. A survey by the plaintiff, the owner and seller of the lumber, even if he was a duly qualified surveyor of lumber is not a compliance with the statute according to its intent, scope and meaning. Chapter 59 of the Laws of 1895 applies only to actions thereafter brought. This suit was commenced October 27, 1893.

The instruction given was erroneous.

*Exceptions sustained.*